**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                            **CASE NO: 6:17-cr-257-PGB-LHP**

**STEVEN MICHAEL MARKS**
_____/

**ORDER**

    This cause is before the Court on the Defendant's Motion for Amendment of Magistrate Judge's Order Pursuant to 18 U.S.C. § 3145(b) and for Temporary Stay of December 12, 2022, Deadline to Report to Aloft Transitions. (Doc. 343). The Defendant previously filed a Motion to Modify Conditions of Pretrial Release (Doc. 339), and the Government submitted a Response in Opposition. (Doc. 341). Since the issues presented here are nearly identical to those briefed in the Defendant's previous motion to modify conditions of pretrial release, and because the Court has considered the arguments advanced by the Government in Opposition to the prior motion, the Court does not require a response from the Government. Upon due consideration, the Defendant's Motion for Amendment of the Magistrate Judge's Order requiring the Defendant to return to Aloft Transitions pending sentencing is granted.

**I.     PROCEDURAL HISTORY**

    This case began in 2017 with the Defendant's indictment. (Doc. 1). The Defendant was arrested in the District of Idaho, and Magistrate Judge Candy Dale

entered an order setting conditions of pretrial release which have remained in effect for nearly five years as this case progressed. (Doc. 11). Two of the conditions of release are at issue here. Condition (7)(x) prohibits the defendant from having contact with minor aged children, and bars him from any place frequented by a minor, unless approved by pretrial services. (*Id.*). And condition (7)(z) requires the Defendant to continue residing at Aloft Transitions and obligates him to notify pretrial services if he stops participating in the program. (*Id.*)

The Defendant's competence to stand trial has been assessed by numerous experts called by the respective parties, beginning with a joint motion for psychiatric or psychological evaluation in January 2019. (Docs. 47, 50). Hotly contested competency hearings ensued with the Defendant ultimately being found competent to stand trial on September 12, 2022. (Docs. 76, 95, 125, 131, 186, 200, 302, 316). On November 3, 2022, the Defendant entered a plea of guilty to a Superseding Information. (Doc. 333). The Magistrate Judge ordered the Defendant to return to Aloft Transitions by November 29, 2022.[1] (Doc. 334). Sentencing was set for January 18, 2023, at 10:30 AM. (Docs. 337, 338).

On November 8, 2022, the Defendant filed an Unopposed Motion for Extension of Time to Return to Aloft Transitions. (Doc. 335). He argued that continued enrollment in Aloft Transitions created a financial hardship on his family and reported that Pretrial Services had agreed to inspect the Defendant's

---

[1] The undersigned deferred adjudicating the Defendant guilty until sentencing to enable him to remain on pretrial release. (Doc. 337)

2

parents' residence to evaluate its suitability for alternative housing pending sentencing. (*Id*. ¶¶ 4, 6). Neither Pretrial Services nor the prosecuting attorney objected to the Defendant continuing to reside in his parent's home until November 23, 2022. (*Id*. ¶¶ 8, 9). The next day the Magistrate Judge granted the motion for extension of the report date to Aloft Transitions, setting the date as December 2, 2022. (Doc. 336).

Pursuant to the Magistrate Judge's Order, the Defendant filed a Motion to Modify Conditions of Release on November 22, 2022. (Doc. 339). The Magistrate Judge directed the Government to file a response and *sua sponte* gave the Defendant an additional 10 days to report to Aloft Transitions, making the new report date December 12, 2022. (Doc. 340). After the Government's response was filed, the Magistrate Judge denied the Defendant's Motion to Modify Conditions of Release to allow him to reside in the family home until his sentencing. (Doc. 342). Specifically, the Magistrate Judge noted the Defendant's 15-year old sister resides full-time at the parents' residence. (*Id*. at p. 1). The Magistrate Judge found the Defendant's motion "does not adequately mitigate the risks associated with allowing the Defendant to reside at the home." (*Id*. at p. 2). The Defendant seeks review by this Court of the conditions of release set by the Magistrate Judge so he may reside at home under the supervision of his parents and while his 15-year old sister is present. (Doc. 343).[2]

---

[2] There are no allegations of inappropriate conduct by the Defendant directed at his sister, and the offense of conviction is not a contact offense.

## II.     LEGAL STANDARDS

"The Bail Reform Act of 1984 is a rather comprehensive statutory scheme used to determine whether an arrestee will be released or detained during the pendency of the prosecution." 18 U.S.C. § 3141, *et seq.*; *see also, United States v. Karper*, 847 F.Supp.2d 350, 354 (N.D.N.Y. 2011). The type, amount, and other conditions of release are committed to the sound discretion of the releasing authority. *United States v. Fard*, Case No. 8:17-cr-131, 2017 WL 11610729, at *1 (M.D. Fla. July 26, 2017) (citing *United States v. James*, 674 F.2d 886, 891 (11th Cir. 1982)). Once set, the judge that initially set the conditions of release may amend those conditions, and the defendant may file a motion with the court having original jurisdiction over the offense to amend the conditions of release.[3] 18 U.S.C. § 3145(a)(2); *Fard, surpa*.

The Court considers several factors in determining whether conditions can be imposed to reasonably assure the appearance of the defendant and protect the community. *Id.* The factors include the nature and circumstances of the offense charged, the weight of the evidence, and the history and characteristics of the defendant. *Fard*, 2017 WL 11610729, at *2.

---

[3] The Defendant relies on 18 U.S.C. § 3145(b), but that provision is applicable when the defendant has been ordered detained by the magistrate judge. Section 3145(a)(2) applies when the defendant has been ordered released and the accused is seeking amendment of the conditions of release.

4

### III. DISCUSSION

The conditions of pretrial release applicable here were imposed in 2017 at the inception of the case and include a general prohibition against the Defendant having contact with minors. (Doc. 11). This made perfect sense in view of the charges brought in the Indictment. Now, nearly five years later, the Defendant has pleaded guilty to a Superseding Information and his parents can no longer afford to pay for him to reside at Aloft Transitions. (Doc. 335). The Government does not contest the veracity of this statement. Nor does the Government argue, in its Response in Opposition to the Defendant's motion to amend conditions of pretrial release, that the Defendant poses a risk of flight. (*See generally* Doc. 341). The question, therefore, is whether allowing the Defendant to continue to reside with his parents and his 15-year-old sister presents a danger to his sister and to the community.

The Court is aware that the Defendant pleaded guilty to Enticement of a Minor to Engage in Sexual Activity. (Docs. 183, 333). The Defendant used an internet messaging application to communicate with children and to persuade them to perform sexually explicit acts while on-line. (Doc. 183, pp. 18-20). Accordingly, the Government expressed "great concern over the defendant's proposed housing situation, which would involve him living under the same roof as his 15-year-old sister." (Doc. 341, at 4). The Government and Pretrial Services contend that even if a parent is always present in the home, "the obvious risks are not sufficiently mitigated." (*Id.*). The Magistrate Judge voiced the same concern in

5

denying the Defendant's motion to modify conditions of release, writing "As noted in the motion, Defendant's 15-year old sister resides full-time at the residence, and the motion does not adequately mitigate the risks associated with allowing Defendant to reside at the home as well." (Doc. 342, pp. 1–2).

Notwithstanding the understandable concern for the well-being of the Defendant's 15-year old sister, neither Pretrial Service nor the Government objected to the Defendant residing at home alongside his sister from November 3, 2022, through November 23, 2022. (Doc. 335, Unopposed Motion for Extension of Time to Return to Aloft Transition). Moreover, the Magistrate Judge granted the unopposed motion and *sua sponte* extended the Defendant's report date through December 12, 2022. (Doc. 340). The Defendant was, thus, permitted to reside in the family home with his sister for five and one-half weeks.

While no new evidence has been presented indicating the Defendant presents a danger to his sister, or to the community at large, the Government opposes the Defendant's motion to continue to live in the family home from December 12, 2022, to January 18, 2023, the date set for sentencing. The Court has difficulty understanding the Government's change of heart or why it should resonate with the Court. If the Defendant did not present a danger to his sister from November 3d through December 12th, why is his continued presence in the home for another five weeks objectionable? Similarly, Pretrial Services' concern that the family abode is inadequate is undermined by the failure of Pretrial Services to inspect the residence or interview the Defendant's sister.

6

Simply put the Defendant has resided along side his sister since November 3d without concern by the Government and apparently without incident. Magistrate Judge Dale's decision to prohibit the Defendant from having contact with minors, including his sister, and requiring the Defendant to reside at Aloft Transitions made perfect sense in 2017, but the Order is not cast in stone. The Defendant has demonstrated the ability to live at home with his sister without incident. And the Defendant's parents are agreeable to ensuring that at least one parent is always home with the Defendant. This undertaking sufficiently assuages the Court's concern for the safety of the Defendant's sister.

## IV.   CONCLUSION

For these reasons, the Defendant's Motion for Amendment of the Magistrate Judge's Order, Setting Conditions for Pretrial Release, and for Temporary Stay of the December 12, 2022, Deadline to Report to Aloft Transitions (Doc. 343) is **GRANTED**, as follows:

1. Condition (7)(z) of the Order Setting Conditions of Release, requiring the Defendant to reside at Aloft Transitions, (Doc. 11), is **VACATED**.

2. Condition (7)(x) of the Order Setting Conditions of Release, prohibiting the Defendant from having contact with minor aged children and prohibiting him from being present in any place frequented by minors, (Doc. 11), is **AMENDED** as follows:

    > The Defendant is permitted to reside with his parents and his 15-year old sister at the family home until his sentencing on January 18, 2023 at which time he will be

7

remanded to the custody of the United States Marshal's Service to await designation by the Bureau of Prisons.

At least one parent **SHALL** be present in the residence at all times to ensure the safety of their daughter.

The parents are **DIRECTED** to report to the Court any incident of sexually explicit communication or touching by the Defendant directed at his 15-year old sister or any other minor.

In all other regards, the prohibition against having contact with minors or being present where minors frequently congregate (Condition (7)(x)) remains in effect.

**DONE AND ORDERED** in Orlando, Florida on December 8, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

8